UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
Paul Washington,

                                   Plaintiff,        COMPLAINT AND
                                                          JURY DEMAND

          -against-

                                                                DOCKET #

The City Of New York, Correction Officer Mitchell Shield #8134, Correction Officer Munn Shield #12326, Correction Officer McDougal, Correction Captain Fields, John Doe #1-2,

                                   Defendants,
------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights under the Fourth, Eighth and Fourteenth Amendments secured by 42 U.S.C. §1983, and the laws and Constitution of the State of New York.

2. The claim arises from a February 5, 2015 incident in which Officers of the New York City Department of Correction ("DOC") assaulted plaintiff causing serious physical injuries.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983 and §1988. Pendent party jurisdiction is asserted.

5. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## NOTICE OF CLAIM

6.     Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller.  Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## PARTIES

7.     Plaintiff, Paul Washington, on the date of the incident, was in the custody of the New York City Department of Correction at Riker's Island, in the jurisdiction of the County of the Bronx, State of New York at the George R. Vierno Center ("GRVC").

8.     The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the New York City Department of Correction (or "DOC"), was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DOC personnel. In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate employees in the jails, regardless of whether they are acting according to written policy. These practices, which are wide-spread, long-tolerated and uncorrected are deeply embedded in the DOC culture and therefore constitute unwritten policies or customs. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the DOC, and for ensuring that the DOC personnel obey the laws of the United States and the State of New York.

9.     Correction Officer Mitchell Shield #8134, Correction Officer Munn Shield #12326, Correction Officer McDougal, and Correction Captain Fields were employees of the DOC on the date of the incident and were acting in the capacity of agent, servant and employee of defendant

City, within the scope of their employment, and as such acting under color of state law. On information and belief, defendants Mitchell, Munn, McDougal, and Fields worked at GRVC at the time of the incident alleged in this complaint, and participated in and/or witnessed and/or failed to intervene in the assault of plaintiff, and are sued in their individual capacities.

10. All other individual defendants ("the officers"), including John Doe #1-2, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. In February of 2015 plaintiff was in DOC custody at GRVC, a facility on Riker's Island.

13. On February 5, 2015 plaintiff experienced chest pains for which he felt he required immediate medical attention.

14. At approximately 1:30 pm plaintiff went to the medical clinic to seek medical attention.

15. Defendants Mitchell, Munn, McDougal and Fields were present when plaintiff entered the medical clinic.

16. Defendant Mitchell did not allow plaintiff to approach the Doctor on duty to seek medical attention.

17. Plaintiff attempted to explain that he required immediate attention.

18. Defendant Mitchell punched plaintiff in the face.

19. Plaintiff fell to floor after being punched.

20. While plaintiff was on the floor, defendant Mitchell struck him multiple times.

21. Defendant Mitchell assaulted plaintiff, using unnecessary and excessive force against him.

22. Defendants Munn, McDougal and Fields were present during the assault of plaintiff and had an opportunity to intervene, yet failed to do so.

23. Plaintiff was taken to Bellevue Hospital, where he was diagnosed with a fracture of the right maxillary bone in his face and a nasal fracture.

24. At no time did plaintiff assault or attempt to assault any officer, nor did he present any threat or perceived threat to the personal safety of any officer or to the security of the jail so as to warrant the assault.

25. At all times during the events described above, the correction officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

26. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

27. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of right to be free from the use of excessive force under the Fourth and Fourteenth Amendments to the United States Constitution.

   b. Violation of his right to due process of law under the Fourteenth Amendment to the

    United States Constitution;

  c. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

  d. Physical pain and suffering;

  e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and increased levels of anxiety.

FIRST CAUSE OF ACTION
42 U.S.C. §1983 – Excessive Force and Due Process

28. The above paragraphs are here incorporated by reference.

29. By using excessive force against plaintiff without provocation and with no penological purpose, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

30. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory right to due process of law pursuant to the Fourth, Eighth and Fourteenth Amendment to the United States Constitution by assaulting plaintiff and fabricating false statements against him for the purpose of covering up their unconstitutional conduct, which caused plaintiff to be charged with disciplinary infractions. Defendants are liable to plaintiff under 42 U.S.C. §1983.

31. In addition, the officer defendants conspired amongst themselves to deprive plaintiff of his constitutional rights and took numerous steps in furtherance of such conspiracy, as set forth

above.

32. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as DOC officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

33. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION<br>(MUNICIPAL LIABILITY)

34. The above paragraphs are here incorporated by reference.

35. The City of New York is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

36. The aforesaid event was not an isolated incident. The City of New York has been aware for some time (from lawsuits, notices of claim, inmate complaints, internal investigations, etc.) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City of New York insufficiently disciplines officers for not reporting fellow officers' misconduct that they have observed, and it fails to discipline officers for making false statements to disciplinary agencies.

37. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, wrongfully allows officers to write their own reports, rather than interviewing officers individually, although inmates are only interviewed individually. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person

suffering does not initiate the claim. The City of New York is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

38. The City of New York knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City of New York failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

39. The City of New York has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

40. The City of New York, despite an increase in the amount of lawsuits filed, the amounts paid out in settlement and the amounts spent on litigation costs, fail to review litigation stemming from misconduct by correction officers for patterns, practices and personnel which are likely to cause citizens' constitutional violations. By ignoring these patterns, practices and personnel which are the sources of constitutional violations, the City is liable under municipal liability.

41. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

42. The City of New York has damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees,

agents or servants in this and in similar cases involving officer misconduct.

43.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City of New York.

### THIRD CAUSE OF ACTION
### (ASSAULT)

44.     The above paragraphs are here incorporated by reference.

45.     Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

46.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, and New York State laws and Constitution.

### FOURTH CAUSE OF ACTION
### (BATTERY)

47.     The above paragraphs are here incorporated by reference.

48.     Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

49.     Defendants used excessive and unnecessary force with plaintiff.

50.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, and the New York State Constitution.

51.     Plaintiff was damaged by defendants' battery

### FIFTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

52.     The above paragraphs are here incorporated by reference.

53.     Defendants' intentional tortious acts were undertaken within the scope of their

employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

54. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   March 16, 2016
         Brooklyn, New York

Respectfully yours,

*Nicholas Mindicino*

By: Nicholas Mindicino, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
NMindicino@stollglickman.com

TO:   Corporation Counsel
      City of New York
      100 Church Street, 4th Floor
      New York, NY  10007

Correction Officer Mitchel Shield #8134
George R. Vierno Center (GRVC)
09-09 Hazen Street
East Elmhurst, NY 11370

Correction Officer Munn Shield #12326
George R. Vierno Center (GRVC)
09-09 Hazen Street
East Elmhurst, NY 11370

Correction Officer McDougal
George R. Vierno Center (GRVC)
09-09 Hazen Street
East Elmhurst, NY 11370

Correction Captain Fields
George R. Vierno Center (GRVC)
09-09 Hazen Street
East Elmhurst, NY 11370